ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY LABARBERA and FRED FINKEL,
Trustees of Local 282 Internatinoal
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

                          Plaintiffs,

-against-

GOLDEN VALE CONSTRUCTION CORP.,

                          Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 06 CV 813 (FB) (CLP)

*Appearances:*
*For the Plaintiffs:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

        On February 24, 2006, plaintiffs filed a complaint, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking unpaid contributions to Local 282 International Brotherhood of Teamsters' ("Local 282") Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds (the "Funds"). Because defendant has failed to respond to the complaint or otherwise defend against this action, plaintiffs moved for an entry of default, which the Clerk of the Court granted, *see* Docket No. 5, and a default judgment. For the reasons set forth below, the Court awards default judgment and the matter is referred to Magistrate Pollak for an inquest on damages.

I.

When a party moves for judgment against an adverse party in default, the Court, in its discretion, may enter judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2). Although it is clear that the defendant has defaulted, a court may also consider whether the facts alleged in the complaint state a valid cause of action in determining whether a default judgment should be entered. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("a district court has discretion under [Fed. R. Civ. Pro.] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action").

Section 515 of ERISA requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement" to "make such contribution in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Having reviewed the complaint, the Court concludes that it contains sufficient factual allegations to state a valid claim under ERISA and that plaintiffs are entitled to a permanent injunction enjoining defendant from violating the terms of the applicable Collective Bargaining Agreement ("CBA") and a Declaration of Trust. *See* 29 U.S.C. 1132(a)(3).

## II.

Default judgment is granted as to plaintiffs' ERISA claims. The matter is referred to Magistrate Pollak for an inquest on damages.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
May 19, 2006